IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

|  |  |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR <br> UNITED STATES DEPARTMENT <br> OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> CHESTER BROSS, an individual, <br> MICHAEL L. BROSS, an individual, <br> MARK K. BROSS, an individual, <br> JEFFREY W. BROSS, an individual, the <br> CHESTER BROSS CONSTRUCTION <br> COMPANY, and the CHESTER BROSS <br> CONSTRUCTION COMPANY 401K PLAN, <br><br> Defendants. | CIVIL ACTION <br><br> Case No.  4:20-cv-941 |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Chester Bross Construction Company 401k Plan ("401k Plan") is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA, pursuant to ERISA Section 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the District Court for the Eastern District of Missouri, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the 401k Plan was administered in Palmyra, Missouri, within this district. Additionally, the fiduciary breaches at issue took place within this district, and Defendants Chester Bross, Michael Bross, Jeffery Bross, and Mark Bross ("Individual Defendants") reside within this district.

**DEFENDANTS**

5. Chester Bross Construction Company is a Missouri Corporation based in Palmyra, Missouri and was incorporated on December 18, 1972.

6. Upon information and belief, Chester Bross Construction Company operated the following affiliated companies: C.B. Asphalt, Mark Twain Redi-Mix, Inc., Hannibal Concrete Products Company, LWK Trucking, Skyview Construction & Crane, LLC, McDonald Service Machinery, LLC, Premier Testing Laboratories, LLC, Mark Twain Holding Company, LLC, American Construction Contractors, LLC, McDonald Service Enterprises, LLC, Skyview Machinery, LLC, Skyview Properties, LLC, Bross Railroad Construction, LLC.

7. Chester Bross Construction Company performs construction work that is traditionally seasonal in nature. Most employees are laid off from December through March.

8. Upon information and belief, Chester Bross Construction Company is wholly owned by Bross Holding Group, Inc. ("Bross Holding Group").

9. Bross Holding Group is a Missouri Corporation incorporated on August 22, 2001.

10. Bross Holding Group is equally owned by Michael Bross, Jeffrey Bross, and Mark Bross.

11. Michael Bross, Jeffrey Bross, and Mark Bross are members of the board of directors of Bross Holding Group. Prior to approximately April 10, 2019, Chester Bross was a member of the board of directors of Bross Holding Group. From approximately April 10, 2019 through at least July 26, 2019, Michael Bross is the President, Jeffrey Bross is the Vice President, and Mark Bross is the Secretary and Treasurer of Bross Holding Group. Prior to approximately April 10, 2019, Chester Bross was the President of Bross Holding Group and Michael Bross was the Vice President.

12. From at least January 1, 2013 through at least April 10, 2019, Defendant Chester Bross was the President, and a member of the board of directors of Chester Bross Construction Company.

13. From at least January 1, 2013 through April 10, 2019, Defendant Michael Bross was the Vice President and a member of the board of directors of Chester Bross Construction Company. From approximately April 10, 2019 through at least July 26, 2019, Defendant Michael Bross is the President of Chester Bross Construction Company.

14. From at least January 1, 2013 through at least July 26, 2019, Defendant Jeffrey Bross is the Vice President and member of the board of directors of Chester Bross Construction Company.

3

15. From at least January 1, 2013 through at least July 26, 2019, Defendant Mark Bross is the Secretary and Treasurer, and member of the board of directors of Chester Bross Construction Company.

16. The 401k Plan was established in 1998 by Chester Bross Construction Company as a defined contribution plan that allows employees to make voluntary salary deferral contributions through payroll withholdings. Participant loans were permitted by the 401k Plan with repayment of principal and interest paid through payroll deductions.

17. The 401k Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

18. From at least January 1, 2013 through at least July 26, 2019, Chester Bross Construction Company was the 401k Plan Sponsor and 401k Plan Administrator.

19. From at least January 1, 2013 through at least July 26, 2019, Chester Bross Construction Company was an employer whose employees were covered by the 401k Plan.

20. From at least January 1, 2013 through at least July 26, 2019, the participating employers of the 401k Plan were Chester Bross Construction Company and its affiliated companies.

21. From at least January 1, 2013 through at least July 26, 2019, Chester Bross Construction Company was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (C) and (G)(i), 29 U.S.C. § 1002(14)(A), (C) and (G)(i).

22. From at least January 1, 2013 through at least July 26, 2019, Defendants Michael Bross, Jeffery Bross, and Mark Bross were trustees of the 401k Plan; fiduciaries of the 401k Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and were parties in interest

4

to the 401k Plan within the meaning of ERISA § 3(14)(A), (H), and (F), 29 U.S.C. § 1002(14)(A), (H), and (F).

23. From at least January 1, 2013 through at least July 26, 2019, Defendant Chester Bross was a fiduciary of the 401k Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the 401k Plan within the meaning of ERISA § 3(14)(A), (H), and (F), 29 U.S.C. § 1002(14)(A), (H), and (F).

24. Each of the Individual Defendants exercised discretionary authority and control over the management and disposition of the 401k Plan's assets. Upon information and belief, the Individual Defendants controlled the assets of Chester Bross Construction Company including the 401k Plan assets that were commingled with the accounts of Chester Bross Construction Company.

## COUNT I
### (Failure To Remit Employee Salary Deferral Contributions And Participant Loan Repayments To The 401k Plan)

25. The Secretary re-alleges and incorporates the preceding Paragraphs, *inter alia*, as if fully set forth herein.

26. From at least January 1, 2013 through at least July 26, 2019, the 401k Plan's governing documents provided in pertinent part that participants could make pre-tax contributions to the 401k Plan from their compensation.

27. From at least January 1, 2013 through at least July 26, 2019, the 401k Plan's governing documents provided that its participants could obtain participant loans from their individual 401k Plan accounts.

28. The 401k Plan's governing documents provide in pertinent part when establishing the trust the trustees shall hold, invest, and administer the trust "solely in the interest of the

participants and their beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries."

29. The 401k Plan's governing documents provide in pertinent part the duties of the trustee include, among other things, to discharge their duties for the "exclusive purpose of providing benefits to participants and their beneficiaries," and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

30. At varying times between January 1, 2013 and at least July 26, 2019, Chester Bross Construction Company withheld employee contributions and loan repayments from employees' pay. The withheld amounts are assets of the 401k Plan pursuant to 29 C.F.R. § 2510.3-102.

31. From at least January 1, 2013 through at least July 26, 2019, Defendant Chester Bross Construction Company withheld at least $7,920.30 from its employees' pay as salary deferral contributions and at least $18,327.65 in participant loan repayments intended for the 401k Plan. Upon information and belief, the Chester Bross Construction Company retained the withheld employee salary deferral contribution in its general operating account, never remitted them to the 401k Plan, and used the monies to pay Chester Bross Construction Company expenses.

32. From at least January 1, 2013 through at least July 26, 2019, the Individual Defendants exercised authority and control over whether and when Chester Bross Construction Company remitted withheld employee salary deferral contributions and loan repayments to the 401k Plan.

6

33. As fiduciaries to the 401k Plan, Defendants failed to ensure that the employees' salary deferral contributions and participant loan repayments to the 401k Plan were remitted to the 401k Plan.

34. Based on the facts described above, the Defendants:

    a. permitted the 401k Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to 401k Plan participants and their beneficiaries and defraying reasonable expenses of 401k Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    b. failed to act solely in the interest of 401k Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to 401k Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with respect to the 401k Plan with the requisite degree of care, skill and prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    d. failed to discharge their duties with respect to the 401k Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

    e. caused the 401k Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a

party in interest, of assets of the 401k Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    f.    dealt with assets of the 401k Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

    g.    acted on behalf of a party whose interests are adverse to the interests of the 401k Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

35.    As a direct and proximate result of the Defendants fiduciary breaches, the 401k Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

### COUNT II
**(Failure To Remit Employee Salary Deferral Contributions And Participant Loan Repayments To The 401k Plan in a Timely Manner)**

36.    The Secretary re-alleges and incorporates the preceding Paragraphs, *inter alia*, as if fully set forth herein.

37.    From at least January 1, 2013 through at least July 26, 2019, Defendant Chester Bross Construction Company withheld $1,999,351.56 in employee salary deferrals from employees' paychecks for contribution to the 401k Plan.

38.    From at least January 1, 2013 through at least July 26, 2019, Defendant Chester Bross Construction Company failed to remit the $1,999,351.56 in employee salary deferral contributions to the 401k Plan in a timely manner.

39.    In accordance with 29 C.F.R. § 2510.3-102, participant contributions and participant loan repayments were required to be forwarded to the 401k Plan on the earliest date

on which such contributions could reasonably be segregated from Chester Bross Construction Company's general assets.

40. Upon information and belief, Chester Bross Construction Company's payroll processes and remittance history were such that the participant contributions could reasonably be segregated and forwarded to the 401k Plan within at least five (5) business days of each pay date.

41. From at least January 1, 2013 through at least July 26, 2019, the Individual Defendants exercised authority and control over whether and when Chester Bross Construction Company remitted the $1,999,351.56 from its employees' paychecks as salary deferred contributions, and participant loan repayments, to the 401k Plan in a timely manner.

42. As fiduciaries to the 401k Plan, Defendants failed to ensure the salary deferral contributions and participant loan repayments were timely remitted to the 401k Plan.

43. Based on the facts described within this Count, the Defendants:

a. permitted the 401k Plan's assets to inure to the benefit of the Chester Bross Construction Company and failed to hold them for the exclusive purpose of providing benefit to 401k Plan participants and their beneficiaries and defraying reasonable expenses of 401k Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. failed to act solely in the interest of 401k Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to 401k Plan participants and their beneficiaries and defraying reasonable expenses of 401k Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. failed to discharge their duties with respect to the 401k Plan with the requisite degree of care, skill, prudence, and diligence under the circumstances then

9

prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      d.      failed to discharge their duties with respect to the 401k Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

      e.      caused the 401k Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the 401k Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      f.      dealt with assets of the 401k Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      g.      acted on behalf of a party whose interests are adverse to the interests of the 401k Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

44.      As a direct and proximate result of the fiduciary breaches of the Defendants, the 401k Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

      A.      permanently enjoining Defendants from violating the provisions of Title I of ERISA;

B. permanently enjoining Defendants from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing them from any position they now hold as a fiduciary to the 401k Plan;

C. ordering Defendants to make good to the 401k Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D. requiring Defendants to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

E. ordering Defendants to correct the prohibited transactions in which they engaged;

F. ordering the Plan to set off the Individual Defendants' individual Plan accounts against the amount of losses, including lost opportunity costs, resulting from the Individual Defendants' breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the 401k Plan by the Individual Defendants;

G. appointing an independent fiduciary;

H. ordering fiduciaries to pay the reasonable fees and expenses of the independent fiduciary;

I. awarding the Secretary the costs of this action; and

J. ordering such other just and proper relief.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

11

Evert H. Van Wijk
Associate Regional Solicitor


/s/Elaine M. Smith
Elaine M. Smith
Trial Attorney
Bar No. 69352 (MO)

Attorneys for Plaintiff, U.S. Secretary of Labor

Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax: (816) 285-7287
E-mail: smith.elaine.m@dol.gov

12